UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WAKIM STEWART,

    Plaintiff,

v.                                                Case No. 3:23cv16734-LC-HTC

HIGH RIDGE BRANDS CO. ALBERTO VO5,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Wakim Stewart, a prisoner proceeding *pro se* and *in forma pauperis*, files this suit against Defendant High Ridge Brands Co. Alberto VO5, claiming that after he purchased and used a bottle of VO5 shampoo from the canteen at Washington Correctional Institutional, he suffered chemical burns all over his body.[1] ECF Doc. 1. Plaintiff seeks $50,000 from Defendant. *Id.* Upon consideration, the undersigned recommends this action be DISMISSED, *sua sponte*, for lack of subject-matter jurisdiction.

Courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*,

---

[1] The incident occurred two years ago and now Plaintiff is at Century Correctional Institution.

526 U.S. 574, 583 (1999)). "[A] federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997) (citation omitted). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Federal courts are courts of limited subject matter jurisdiction that possess only the power authorized by statute or the Constitution. *Kokkoken v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). Absent a grant of such jurisdiction, a federal court is "powerless" to consider the merits of a case. *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Thus, "a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Id.*

Generally, district courts have subject-matter jurisdiction over only two types of cases: (1) a case involving a federal question or (2) a case involving diversity of citizenship of the parties. *See* 28 U.S.C. §§ 1331, 1332. It is the Plaintiff's burden to establish subject-matter jurisdiction, and he has not done so here. *See generally Moreno v. Breiburn Fla., LLC*, 2011 WL 2293124, at *1 (M.D. Fla. June 9, 2011)

("In an action filed directly in federal court, plaintiff bears the burden of adequately pleading, and ultimately proving, jurisdiction.") (citation omitted).

First, Plaintiff has clearly failed to establish the Court has federal-question jurisdiction over this action. "A plaintiff properly invokes [federal question] jurisdiction when [ ]he pleads a colorable claim 'arising under' the Constitution or laws of the United States." *Arbaugh*, 546 U.S. at 513. "A case does not arise under federal law unless a federal question is presented on the face of the plaintiff's complaint." *Kemp v. Int'l Bus. Machines Corp.*, 109 F.3d 708, 712 (11th Cir. 1997) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 11 (1983)). Here, Plaintiff's complaint does not identify *any* federal or constitutional provisions, nor can the Court discern the existence of any federal claims from the allegations. Instead, what Plaintiff has alleged is a tort claim that arises under state law. *See Malarik v. Dinunno Enterprises, Inc.*, 157 F. App'x 536, 537 (3d Cir. 2005) ("[N]o federal question is presented by a personal injury lawsuit that alleges only common law torts against a private party, and does not allege a deprivation of federal constitutional rights or the elements of a cause of action under a federal statute.").

Likewise, there are no facts establishing diversity jurisdiction. Diversity jurisdiction requires that (1) "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and (2) the action is between "citizens of different States." 28 U.S.C. § 1332(a)(1). Even presuming the parties here are fully

diverse, Plaintiff does not seek damages in excess of $75,000. Instead, Plaintiff specifically states in the complaint that he is "entitled to money for [his] skin discoloration and the depression [he's] been going through in the amount of $50,000." ECF Doc. 1 a t7. Thus, the complaint should be dismissed. *See e.g.*, *Bryant v. Ally Fin.*, 452 F. App'x 908, 910 (11th Cir. 2012) (per curiam) (affirming the district court's dismissal for lack of subject-matter jurisdiction where "the pleadings show[ed] that all of [plaintiff's] claims arose under state law" and "his claimed damages did not exceed $75,000"); *Meyer v. Lauer*, No. 3:07CV109/LAC/MD, 2007 WL 1225396, at *2 (N.D. Fla. Apr. 25, 2007) (finding no diversity jurisdiction because the amount of damages claimed by plaintiff was less than $75,000).

Accordingly, it is RECOMMENDED:

1. That this case be DISMISSED for lack of subject-matter jurisdiction.

2. That the clerk be directed to close the file.

At Pensacola, Florida, this 24th day of July, 2023.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.